FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES G.,<br><br>    Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | NO: 1:21-CV-03097-LRS<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 13, 17. This matter was submitted for consideration without oral argument. Plaintiff is represented by Attorney Cory J. Brandt. Defendant is represented by Special Assistant United States Attorney Jacob Phillips. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 13, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 17, and **REMANDS** the case back to the Commissioner for additional proceedings.

ORDER ~ 1

## JURISDICTION

Plaintiff James G.[1] protectively filed an application for Supplemental Security Income (SSI) on February 20, 2019, Tr. 112, alleging an onset date of January 1, 2018, Tr. 237, due to bipolar disorder, borderline personality disorder, severe anxiety, major depression, serious insomnia/night terrors, memory issues, and posttraumatic stress disorder (PTSD), Tr. 274. Plaintiff's applications were denied initially, Tr. 147-50, and upon reconsideration, Tr. 164-66. A hearing before Administrative Law Judge Jennifer B. Millington ("ALJ") was conducted on November 18, 2020. Tr. 64-83. Plaintiff was represented by an attorney and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Robin Cook. *Id*. The ALJ entered an unfavorable decision on December 17, 2020. Tr. 15-27. The Appeals Council denied review on July 7, 2021. Tr. 1-5. Therefore, the ALJ's December 17, 2020 decision became the final decision of the Commissioner. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c). ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

1  Only the most pertinent facts are summarized here.

2  Plaintiff was 48 years old at the date of application. Tr. 237. Plaintiff completed the twelfth grade in 1989. Tr. 275. At application Plaintiff reported his past work as auto detailer, body work/painter, and laborer. Tr. 275. He stated that he stopped working on December 31, 2007 due to his impairments. Tr. 275.

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error

ORDER ~ 3

that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

ORDER ~ 4

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's

ORDER ~ 5

RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial

ORDER ~ 6

1  gainful activity since the date of application, February 20, 2019. Tr. 17. At step
2  two, the ALJ found that Plaintiff has the following severe impairments: chronic
3  low back pain with foraminal stenosis and degenerative disc disease; mild bilateral
4  hip osteoarthritis; bilateral plantar fasciitis; obstructive sleep apnea; diabetes
5  mellitus; history of heroin abuse, in remission; bipolar disorder; and PTSD. Tr. 17.
6  At step three, the ALJ found that Plaintiff's impairments or combinations of
7  impairments do not meet or equal the severity of one of the listed impairments. Tr.
8  17.
9      The ALJ then found that Plaintiff has the RFC to perform light work as
10 defined in 20 C.F.R. § 416.967(b) with the following limitations:

> the claimant can stand and/or walk for four hours in an eight-hour workday and sit for six hours in an eight-hour workday. The claimant can occasionally climb, stoop, kneel, crouch, and crawl. The claimant can have occasional exposure to extreme cold and hazards. The claimant is limited to simple, routine tasks with no work interactions with the public, but can adapt to occasional changes in a routine work environment.

15 Tr. 21. The ALJ identified Plaintiff's past relevant work as a furniture mover and
16 found that he could not perform this past relevant work. Tr. 25. At step five, the
17 ALJ found that considering Plaintiff's age, education, work experience, and RFC,
18 there are other jobs that exist in significant numbers in the national economy that
19 Plaintiff could perform, including office helper, semi-automatic sewing machine
20 operator, and document specialist. Tr. 26. On that basis, the ALJ concluded that
21 Plaintiff was not under a disability, as defined in the Social Security Act, from the
   date of application, February 20, 2019, through the date of the decision. Tr. 27.

ORDER ~ 7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him SSI under Title XVI. ECF No. 13. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly addressed the medical opinions in the record;

2. Whether the ALJ properly addressed Plaintiff's symptom statements; and

3. Whether the ALJ met her burden at step five.

**DISCUSSION**

**1.  Medical Source Opinions**

Plaintiff argues that the ALJ failed to properly address the opinions from Sally Forrest, MA, MHC and Jan Kouze, Ed.D. ECF No. 13 at 10-16.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship

ORDER ~ 8

with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations emphasize that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further defined in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).[2]

---

[2] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF Nos. 13 at 11-12, 17 at 3-6.

ORDER ~ 9

**A.    Sally Forrest, MA, MHC**

On February 28, 2020, Ms. Forrest completed a Mental Medical Source Statement and opined that Plaintiff had a moderate limitation in the abilities to maintain attention and concentration for extended periods, to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to interact appropriately with the general public, to respond appropriately to changes in the work setting, to travel in unfamiliar places or use public transportation, and to set realistic goals or make plans independently of others.  Tr. 879-81.  She also opined that Plaintiff would miss an average of four or more days per month if working a 40-hour workweek.  Tr. 881.  She additionally stated that Plaintiff's impairments would cause him to be off task 26-50% of the work day.  Tr. 881.

The ALJ found the opinion to be not persuasive stating that "[t]he extreme limitations are inconsistent with the claimant's reporting improvement in his symptoms with medication and therapy (B15F/1).  The opinion is also not well

---

The Ninth Circuit has held that the new regulations displace this prior caselaw. *See Woods v. Kijakazi*, --- F.4th ---, 2022 WL 1195334 (9th Cir. Apr. 22, 2022).

ORDER ~ 10

supported by a thorough discussion of the evidence to support such extreme limitations." Tr. 24.

The ALJ's finding regarding improvement with medication and therapy speaks to the opinion's consistency. To support this finding, the ALJ cited a single record from his substance abuse treatment dated September of 2020, B15F/1, that demonstrated a zero on the PHQ-9 and GAD-7. Tr. 951. Plaintiff reported "[d]oing well. Continues to live with folks. They have custody of his two 14 year old boys. Works on his parents['] property and remains engaged in sons' upbringing. Will go hunting next month with family. Denies changes in stability." Tr. 951. The ALJ failed to discuss how a single record from his substance abuse treatment showed improvement in all his mental health impairments and undermined the opinion. Furthermore, the records from October of 2019 show similar statements: "Patient states he is doing well. Is getting ready to go hunting in Republic. Denies cravings, withdrawals use ETOH since being seen." Tr. 597. Therefore, the ALJ failed to demonstrate that the September 2020 records show anything more than someone doing consistently well in his substance abuse treatment, which is consistent with the ALJ's step two finding that the substance abuse disorder was in remission, Tr. 17. This does not support a finding that Plaintiff's mental health impairments as a whole have improved. Therefore, the ALJ's determination regarding consistency is not supported by substantial evidence.

ORDER ~ 11

The ALJ's second finding, that the opinion is not well supported by a discussion of the evidence to support the opined limitations, speaks the opinion's supportability. The Court acknowledges that the opinion did not include any citation to evidence or discussion of treatment to support or explain the opined limitations. Tr. 879-81. However, since the ALJ did not properly address the opinion's consistency, the proper remedy is to remand this case for additional proceedings for the ALJ to properly address the opinion's consistency. *See* 20 § 416.920c(b)(2) ("we will explain how we considered the supportability and consistency factors for a medical source's medical opinions. . .").

**B.    Jan Kouzes, Ed.D.**

On August 1, 2018, Dr. Kouzes completed a Psychological/Psychiatric Evaluation form for the Washington State Department of Social and Health Services. Tr. 462-67. She diagnosed Plaintiff with bipolar II disorder, opioid use disorder in early remission, panic disorder, and PTSD. Tr. 464. She opined that Plaintiff had a marked limitation in the abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, to communicate and perform effectively in a work setting, to complete a normal work day and work week without interruptions from psychologically based symptoms, and to set realistic goals and plan independently. Tr. 464-65. She also opined that Plaintiff had a moderate limitation in the abilities to understand, remember, and persist in tasks by following detailed instructions, to learn new tasks, to adapt to changes in a routine

ORDER ~ 12

work setting, to ask simple questions or request assistance, and to maintain appropriate behavior in a work setting.  Tr. 464-65.  The ALJ found the opinion to be not persuasive finding that the opinion is based solely on Plaintiff's substance abuse, is inconsistent with Plaintiff's reported activities, is inconsistent with Plaintiff's improvement with medication and therapy, and is inconsistent with Plaintiff's insight into maintaining treatment and therapy while also being cooperative in the record.  Tr. 22.

      The ALJ's first rationale, that the opinion appears to be based solely on Plaintiff's substance abuse, speaks to the supportability of the opinion.  Specifically, the ALJ found that "the claimant testified that he has been sober since 2019, and that his Suboxone treatment has worked well.  Therefore, the opinion is not well supported by the record during the relevant period where he largely abstained from heroin use." Tr. 22.  However, the finding that the opinion was based solely on Plaintiff's substance use is not supported by the record.  The summary of Plaintiff's history discusses more than just his substance abuse, but his bipolar disorder, anxiety, and depression.  Tr. 462.  It does include a summary of his substance abuse history and legal history, Tr. 463, but that is a standard prompt on the form.  Furthermore, Dr. Kouzes completed a mental status examination that showed a depressed mood and affect.  Tr. 466-67.  Therefore, there is nothing to support a finding that the opinion was based solely on Plaintiff's substance abused disorder.

ORDER ~ 13

The ALJ's second rationale, that it was inconsistent with his daily activities, speaks to the consistency of the opinion. The ALJ found that the opinion was inconsistent with Plaintiff's ability to live with his parents and have an active role in his son's upbringing because it shows the ability to have ongoing structure. Tr. 22. The only record that the ALJ cites in support of this finding was a substance abuse treatment note that stated: "Continues to live with folks. They have custody of his twin 14 year old boys. Works on his parents['] properly and remains engaged in sons' upbringing." Tr. 951. Here, the ALJ failed to discuss how not having custody of his children and not living independently undermined the opinion. While the new regulations displace the Ninth Circuit's increased standards regarding medical source opinions, the ALJ is still required to provide substantial evidence in support of her opinions. *See Woods v. Kijakazi*, --- F.4th ---, 2022 WL 1195334 at *6 (9th Cir. Apr. 22, 2022).

The ALJ's third rationale, that the marked limitations were inconsistent with Plaintiff's reported improvement with medical and therapy, is not supported by the record. Tr. 22. As discussed earlier, the citation the ALJ provides to support this finding, (B15F/1), demonstrates that Plaintiff's substance abuse treatment is going well. Tr. 951. However, treatment records from a year prior contained nearly the same reports of successful treatment by Plaintiff. Tr. 597. Therefore, the ALJ failed to demonstrate that the September 2020 records show anything more than someone doing consistently well in his substance abuse treatment, which is consistent with the ALJ's step two finding that the substance abuse impairment

ORDER ~ 14

1  was in remission, Tr. 17. This does not support a finding that Plaintiff's mental

2  health impairments as a whole have improved.

3   The ALJ's fourth rationale, that the opinion was inconsistent with Plaintiff's

4  insight into maintaining treatment and therapy while also being cooperative, speaks

5  to the consistency of the opinion. However, the ALJ failed to discuss how the

6  opinion was undermined by maintaining treatment, therapy, and being cooperative.

7  In support of this finding, the ALJ cited two exhibits containing substance abuse

8  treatment and provided no explanation. As discussed above, the ALJ is still

9  required to provide substantial evidence to support her determinations. Therefore,

10 this is not a sufficient reason to support the ALJ's rationale. This case is remanded

11 for the ALJ to properly address the medical opinions.

12 **2.    Plaintiff's Symptom Statements**

13  Plaintiff argues that the ALJ erred in evaluating his symptom testimony.

14 ECF No. 13 at 16-19.

15  It is generally the province of the ALJ to make determinations regarding the

16 reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035,

17 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent

18 reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent

19 affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's

20 testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d

21 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

 The ALJ found Plaintiff's "statements concerning the intensity, persistence,

ORDER ~ 15

and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical opinions addressed above, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**3**. **Step Five**

Plaintiff argues that the ALJ failed to meet her burden at step five. ECF No. 13 at 19-20. This argument is derivative of his argument that the ALJ failed to properly weigh the medical opinions addressed above. Since the case is being remanded for the ALJ to properly address the opinions as discussed above, a new stop five determination is required upon remand.

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of benefits. ECF No. 13 at 20.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by

ORDER ~ 16

remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Chater*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the two opinions that need to be readdress are not consistent. Ms. Forrest opined moderate limitations and Dr. Kouzes opined moderate to marked limitations. Therefore, should these opinions be found persuasive on remand, these differences would need to be resolved.

On remand, the ALJ must readdress the medical opinions discussed above, readdress Plaintiff's symptom statements, make a new RFC determination, and make a new step five determine. In addition, the ALJ should supplement the record with any outstanding medical evidence and take testimony from a vocational expert at any remand proceedings.

ORDER ~ 17

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings.

2. Defendant's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** June 6, 2022.

*[signature]*
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 18